```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
FLAGSTAR FINANCIAL & LEASING,
LLC,
                                                    ORDER
                Plaintiff,                          No. 25-cv-04996(JS)(AYS)

       -against-

WIND CITY DENTAL, LLC, et al.

                Defendants.
-------------------------------------------------X
```

APPEARANCES

For Plaintiff
Flagstar
Financial &
Leasing, LLC:       Mariam Chubinidze, Esq.
                    Hinshaw & Culbertson, LLP
                    800 3rd Avenue, 13th Floor
                    New York, New York 10022

For Defendants
Life Goals
Investments, LLC
and Jessi Lynn
Waring:             J.R. Skrabanek, Esq.
                    Thompson & Skrabanek, PLLC
                    515 Madison Avenue, 31st Floor
                    New York, New York 10022

SEYBERT, District Judge:

Before the Court is the Motion for Leave to File Document[,] Third-Party Complaint (the "Motion") filed by Defendants Life Goals Investments, LLC and Jessi Lynn Waring (collectively, "Defendants"). (See Motion, ECF No. 24.) The

1

Motion seeks leave to file a third-party complaint against MMP Capital Equipment, Inc., Alma Lasers, Inc., and John Doe Sales Representatives 1-10 (collectively, "Proposed Third-Party Defendants"). (Id.) The Proposed Third-Party Complaint principally alleges the Proposed Third-Party Defendants fraudulently induced Defendants into entering the contract at issue in this action (the "Action"). Plaintiff Flagstar Financial & Leasing, LLC ("Plaintiff") opposes the Motion. (See Opp'n., ECF No. 25.) Because granting leave would not promote judicial economy, the Court DENIES the Motion.

## BACKGROUND

The Court presumes the parties' familiarity with the factual background giving rise to this Action. On September 5, 2025, Plaintiff filed the initial Complaint. (Compl., ECF No. 1.) On March 19, 2026, Plaintiff filed the operative Third Amended Complaint. ("TAC," ECF No. 22.) The TAC generally alleges Defendants failed to make payments required under an Equipment Finance Agreement (the "Agreement"), which Agreement documented the financed "purchase of one (1) Opus Workstation" and which Opus Workstation served as the collateral for said purchase (hereafter, the "Collateral"). (Id.) The TAC asserts causes of action related to the alleged breaches arising from Defendants' failures to make payments pursuant to the Agreement. (See generally id.) Plaintiff is the assignee of the Agreement, which was originally negotiated

2

and executed by Defendant Waring and Me and My Pal, Inc. ("MMP"). (Id. ¶ 7.)

On April 17, 2026, Defendants filed the Motion, attaching a proposed third-party complaint (the "Proposed Third-Party Complaint"). (See Ex. A, ECF No. 24 at ECF pp.6-16, attached to Motion.) The Proposed Third-Party Complaint asserts claims against the Proposed Third-Party Defendants, including MMP affiliate MMP Capital Equipment, alleging they used high-pressure sales tactics and made material misrepresentations regarding the Collateral to fraudulently induce Defendants to enter into the Agreement. (Id. at 7-9.) In addition to seeking indemnification for any liability arising from this Action, Defendants seek compensatory damages and rescission. (Id. at 15.) Defendants contend impleader is proper because any liability they face in this Action is purportedly "derivative of, and caused by, the misconduct of the Third-Party Defendants in connection with the sale, financing, and documentation of the underlying transactions," and because adjudicating all claims in a single action would promote judicial economy. (Id. at 1.)

On April 23, 2026, Plaintiff filed its Opposition, arguing the claims in the Proposed Third-Party Complaint are not derivative of the claims at issue in this Action. (Opp'n.) Plaintiff contends, whereas its claims concern whether Defendants

3

failed to meet their financial obligations under the Agreement, Defendants' proposed third-party claims arise from an alleged fraud scheme perpetrated by the Proposed Third-Party Defendants in connection with the underlying purchase of the Collateral. (Id. at 2-3.) Plaintiff further argues that, even if Rule 14's derivative-liability requirement were satisfied, impleader would unduly delay and complicate what is otherwise a straightforward contract enforcement action.  (Id. at 3.)

## DISCUSSION

I.   Applicable Law

"Under Federal Rule of Civil Procedure 14(a), a defendant seeking to implead a third-party defendant more than fourteen days after the defendant served an Answer must first obtain the Court's permission." Black v. Schwartz, No. 09-CV-2271 2011 WL 4434269, at *1 (E.D.N.Y. Sept. 21, 2011).  "The Second Circuit has stated that the purpose of Rule 14(a) is 'to avoid two actions which should be tried together to save the time and cost of a re-duplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him and a judgment in his favor against the third-party defendant.'" Philadelphia Indem. Ins. Co. v. Amazon.com, Inc., No. 17-CV-3115, 2018 WL 11454818, at *2 (E.D.N.Y. Jan. 24, 2018)

4

(quoting Hicks v. Long Island R.R., 165 F.R.D. 377, 379 (S.D.N.Y. 1996)).    The    Court    has    discretion    to    permit a third-party complaint, and it generally considers the following factors: "(1) whether the movant deliberately delayed or was derelict in filing the motion; (2) whether impleading would delay or unduly complicate the trial; (3) whether impleading would prejudice the third-party defendant; and (4) whether the proposed third-party complaint states a claim upon which relief can be granted."  Crews v. County of Nassau, 612 F.Supp.2d 199, 204 (E.D.N.Y.2009) (quoting Nat'l Westminster Bank PLC v. Empire Energy Mgmt. Sys., Inc., No. 93-CV-5331, 1996 WL 709763, at *8 (S.D.N.Y. Dec.10, 1996)); Nova Products, Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 240 (S.D.N.Y.2004).

A third-party complaint is proper where "the third-party defendant's liability to the third-party plaintiff [is] dependent upon the outcome of the main claim or the third-party defendant [is] potentially secondarily liable as a contributor to the defendant."  iBasis Glob., Inc. v. Diamond Phone Card, Inc., 278 F.R.D. 70, 74 (E.D.N.Y. 2011).    By contrast, a third-party complaint "is not permissible simply because it arises out of the same nucleus of facts as the main claim."  Id. at 77 (quoting Resources Funding Corp. v. Congrecare, Inc., No. 91-CV-8163, 1994 WL 24825, at *10 (S.D.N.Y. Jan. 21, 1994)).

5

II.  Analysis

In opposing the Motion, Plaintiff contends "layering in a separate fraud dispute between Defendants and MMP would require significant additional discovery, including potentially several depositions of third-party witnesses."  (Opp'n. at 3.) The Court agrees.  Discovery in this matter is already underway, and the Proposed Third-Party Complaint focuses extensively on a separate set of actions: namely, the Proposed Third-Party Defendants' conduct toward Defendants.  Litigating those issues would require additional discovery and motion practice, injecting a host of independent factual and legal disputes into what is otherwise a relatively straightforward breach-of-guaranty action.  Permitting a third-party complaint under these circumstances would be inconsistent with Rule 14(a)'s design "to promote judicial economy by eliminating the need for a defendant to bring a separate action against a third-party who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's claim." iBasis, 278 F.R.D. at 74 (quoting Hines v. Citibank, N.A., No. 96-CV-2565, 1999 WL 440616, at *2 (S.D.N.Y. June 28, 1999)).

Moreover, although Defendants' proposed claims are related to the subject matter of the Action, they are not as straightforwardly "derivative" as the kinds of claims typically brought via Rule 14(a).  For example, Defendants rely on Bank of India v. Trendi Sportswear, Incorporated, where a defendant sued

6

for defaulting on loans impleaded a third party, alleging that the third party's breach of contract directly caused the defendant's default.  239 F.3d 428, 430 (2d Cir. 2000).  The third-party defendant, in turn, impleaded a fourth-party defendant, alleging that the fourth-party defendant wrongfully reduced its line of credit.  Id.  In these instances, the third and fourth parties' alleged conduct would have been causally responsible for the underlying breach.  Here, by contrast, Defendants' proposed claims seek to establish independent liability on the part of the Proposed Third-Party Defendants rather than derivative liability for Plaintiff's contract claims.  This conclusion is further buttressed by Defendants' failure to identify any authority permitting a Rule 14(a) impleader of a fraudulent-inducement-based action into an underlying breach-of-contract action.

The Court observes, notwithstanding the denial of Defendants' Motion, Defendants are not without recourse.  They are free to file the Proposed Third-Party Complaint as a stand-alone action, where the alleged misrepresentations and conduct of the Proposed Third-Party Defendants may be adjudicated on their own terms.

7

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Motion is DENIED.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June 15, 2026
        Central Islip, New York

8